IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CLIFTON W. DEVENING,**

**Plaintiff,**

**v.**

**JOHN CHAMBERS,**

**Defendant.**                                                              **No. 06-273-DRH**

**ORDER**

**HERNDON, Chief Judge:**

### I. Introduction

On September 2, 1998, a jury convicted Petitioner Clifton W. Devening of first degree murder (Doc. 1 ¶1). Petitioner was sentenced to 40 years' imprisonment (Doc. 1 ¶2). On March 31, 2006, Petitioner Devening filed a petition for writ of habeas corpus pursuant to **28 U.S.C. § 2254** (Doc. 1). Specifically, Petitioner asserts three due process violations: 1) the state denied Petitioner's due process of law by waiting three years after the accident that caused the death of Willard Lee Allen to charge Petitioner with a crime; 2) the state lost or destroyed the vehicles involved in the accident, failed to produce them for inspection by his expert witness, and failed to meet its obligation to preserve all exculpatory evidence that could tend to negate Petitioner's guilt; and 3) petitioner was denied a fair trial because the state failed to provide enough paint chips samples from the cars involved in the accident for adequate testing.

## II. Analysis

### A. Standard of Review

This matter is now before the Court on a Report and Recommendation ("Report") filed by Magistrate Judge Donald G. Wilkerson on August 27, 2009 pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)** (Doc. 26). The Report recommends that Ground 3 be denied because it has been procedurally defaulted and that Grounds 1 and 2 be denied on their merits (*Id.*).

Under **Rule 73.1** of the **Local Rules of the Southern District of Illinois**, parties have ten days in which to serve and file written objections to the Report "which shall specifically identify the portions of the proposed findings, recommendations, or reports to which objection is made and the basis for such objections." **SDIL-LR 73.1(b)**. Petitioner filed a timely objection to the Report (Doc. 27). Therefore, this Court undertakes de novo review of the Report. **28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b);** *Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject or modify the recommended decision." **Fed. R. Civ. P. 72(b);** *Willis v. Caterpillar Inc.*, **199 F.3d 902, 904 (7th Cir. 1999)**. In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. *Id*.

### B. Objections

As noted above, Petitioner alleges three separate due process claims

related to his conviction (Doc. 1).  In the Report, Judge Wilkerson determined that Ground 3 had been procedurally defaulted and that Grounds 1 and 2 of the petition should be denied on the merits because the Illinois appellate court's application of Supreme Court precedent regarding preindictment delay and the loss or destruction of evidence was not contrary to or an unreasonable application of clearly established federal law.  In Petitioner's objections, Petitioner merely alleges that Judge Wilkerson misstated the facts regarding the release of the vehicle.  His objections only seem to be directed towards Ground 2 of his petition regarding the lost or destroyed vehicle. Petitioner does not file any objections in regards to Judge Wilkerson's recommendation to deny Grounds 1 and 3 of the petition.  Thus, the Court need not conduct de novo review as to Grounds 1 and 3 and **ADOPTS** Judge Wilkerson's Report as to those grounds.

As discussed above, **Rule 73.1** of the **Local Rules of the Southern District of Illinois** provides that objections to the Report "shall *specifically identify the portions* of the proposed findings, recommendations, or reports to which objection is made and *the basis* for such objections."  **SDIL-LR 73.1(b) (emphasis added)**.  Petitioner's objections (Doc. 27) state that the Report and Recommendation "clearly and wholly misstates the facts in evidence on the record in this case" and then goes on to describe the tow of his vehicle and the policies regarding tows of vehicles, the hold placed on it, and when and if there was a release of the vehicle. Petitioner concludes that the absence of the vehicle deprived his defense of a reliable

expert who had access to the vehicle. Petitioner, however, does not object to any portion of the Report's analysis as to whether the appellate court's decisions were contrary to established law. He does not provide any argument that the court's holding was contrary to or an unreasonable application of clearly established federal law. He merely reiterates that there was a hold placed on the vehicle, disputes when the vehicle was released, and demands that the Court conduct an injury into the conduct of the State regarding the tow of the vehicles.

However, as discussed by Judge Wilkerson in the Report, under **28 U.S.C. § 2254(d)(1)** Petitioner must show that the Illinois Appellate Court's decisions 1) were contrary to clearly established Federal law; or 2) involved an unreasonable application of Federal law. A decision is "contrary to" clearly established Supreme Court precedent when it reaches a legal conclusion that is opposite to a legal conclusion announced by the Supreme Court. ***Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Owens v. Frank*, 394 F.3d 490, 496-97 (7th Cir. 2005)**. A state court's decision is an "unreasonable application" when the court identifies the correct legal standard, but unreasonable applies it to the facts of the case, unreasonable extends a legal principle from existing precedent, or refuses to extend that principle to a new context where it should apply. ***Owens*, 394 F.3d at 496-97 (quoting *Williams*, 529 U.S. at 405**. Petitioner objects that the Appellate Court found that the vehicle had been released, but the Court fails to see how the issue of when the vehicle was released or lost relates in any way to whether

the Appellate Court applied the right legal standard or whether the Appellate Court reasonably applied that standard to the facts of the case in regards to whether a due process right had been violated by the evidence being lost or destroyed.  The Illinois Appellate Court found that although the vehicle had been lost, it was only "potentially useful" to Petitioner and that his expert witness had access to the accident records and reports of the State and was able to adequately draw conclusions based on those tests.

Petitioner makes no arguments that the Illinois Appellate Court used a legal standard that was contrary to controlling federal law or that the court unreasonably applied that standard.  Rather, the Court agrees with the Report that the Appellate Court in Illinois correctly identified the controlling federal law and accurately applied that law to the facts.  As noted by the Report, the controlling federal law at the time of Petitioner's conviction was that the destruction or failure to preserve evidence that is only potentially useful is not a denial of due process of law unless a criminal defendant can show bad faith by the police. ***Arizona v. Youngblood*, 488 U.S. 51, 57, 109 S.Ct. 333(1988).**  While Illinois law states that a denial of due process may arise from lost or destroyed evidence even if no bad faith existed, the Appellate Court in Illinois found that Petitioner's case did not fit into that class of cases because the cars were only "potentially useful" as Petitioner's expert had access to the accident reports, measurements and photos, and results of test performed by the State.   The appellate court instead found that the loss of the vehicle fit into the category of cases requiring a finding of bad faith as in the Supreme

Court cases. Based on *Youngblood*, the Appellate Court in Illinois found that there was no due process violation. Therefore, the finding by the Illinois Appellate Court was not objectively unreasonable and thus the Appellate Court's holding was not contrary to or an unreasonable application of clearly established federal law.

### III.  Conclusion

Accordingly, the Court **ADOPTS** Judge Wilkerson's Report (Doc. 26) in its entirety. Therefore, the Court **DENIES** Grounds 1 and 2 on their merits and **DENIES** Ground 3 because it has been procedurally defaults. Thus, Petitioner's writ for habeas corpus (Doc. 1) is **DENIED** and the petition is **DISMISSED with prejudice**. The clerk to enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 29th day of September, 2009.

/s/    *DavidRHerndon*

**Chief Judge**
**United States District Court**